# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFERSON KENNER, | 3:06-CV-00423-ECR-RAM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| W.I.N.G.S. SUPERVISOR, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss (Doc. #7). Plaintiff opposed the motion (Doc. #9), and Defendant replied (Doc. # 10).

Plaintiff James Jefferson Kenner (Plaintiff) filed a *pro se* Civil Rights Complaint (Doc. #6) pursuant to 42 U.S.C. § § 1983, 1981 and 1985, on July 28, 2006. Plaintiff's complaint alleges violations of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Rights under the United Sates Constitution on the part of the W.I.N.G.S. supervisor, D.J. O'Brien, Bruce Keefe, Richard Wood and Julie Rexwinkel, (Defendants). (Doc. #6).

## BACKGROUND

Plaintiff is currently an inmate at the Northern Nevada Correctional Center (NNCC). All events that are the subject to the present motion occurred while plaintiff was incarcerated at NNCC. Plaintiff alleges that Defendants, all employees of the NNCC, violated his civil and

due process rights. (Doc. # 6). Plaintiff was committed to the W.I.N.G.S. drug and alcohol abuse program on February 29, 2006. (Id.). While there he was placed in a cell with a chain smoker. *(Id.).* Being a non-smoker, Plaintiff asked Defendants to move him to a cell with another non-smoker; he asked once on April 10, 2006, and a twice on April 13 , 2006. *Id.* He also filed an informal grievance on April 13, 2006 regarding the smoking situation. (Doc. #7, Exh. C). Later that day, Defendant O'Brien moved Plaintiff out of the smoking-designated cell and into a restricted housing unit, apparently outside of the W.I.N.G.S. program. (Id.). Defendants contend that this was done to discipline Plaintiff for being impatient with Defendants. (*Id.*).

In Count I of his complaint, Plaintiff alleges that the W.I.N.G.S. supervisor and Defendant O' Brien subjected him to cruel and unusual punishment in that they refused his request to be moved to a non-smoking cell[1]. (Doc. # 6). He further alleges that when Defendant O' Brien did move him to a non-smoking cell, he was deprived of due process because he was moved to the restricted housing unit without a hearing or notice. (Doc. #6, pg. 4-6). Finally, Plaintiff alleges that his move to the restricted housing unit was discriminatory and done in retaliation of his complaints about his cigarette-smoking cell mate because there were many non-smoking inmates Plaintiff could have bunked with in the W.I.N.G.S. unit. *Id.* In Count II, Plaintiff alleges that Defendants Bruce Keefe and Richard Wood also violated his due process rights for the same reasons stated above and also for failing to investigate the reason for Plaintiff's removal from the W.I.N.G.S. unit. (Doc. #6 pg. 7). In Count III, Plaintiff alleges that his caseworker, Jane Rexwinkel, subjected him to cruel and unusual punishment for allowing officers to intermittently place him with smoking cell mates while he was moved between cells while in the restricted housing unit. (Doc. # 6).

///
///

---

[1] Defendant W.I.N.G.S. supervisor, remains unidentified and is not discussed in either party's papers.

Defendants base their Motion to Dismiss on the contention that Plaintiff failed to exhaust his administrative remedies as are outlined in the NNCC's Administrative Regulations 740 Inmate Grievance Procedure handbook ("AR740"). (Doc. #10 & 7, Exh. B).

## DISCUSSION

A.  Standard of Review

In the Ninth Circuit, failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12 (b) motion rather than a motion for summary judgment. *Wyatt v. Tehrune*, 315 F. 3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact, without ruling on the merits. *Id.* at 1119-1120 (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F. 2d 365, 369 (9th Cir. 1988) (per curiam)). If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *Id.* at 1120.

B.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) bars a suit brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other Federal Law until such administrative remedies as are available are exhausted. The PLRA is codified in 42 U.S.C. § 1997e and provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted § 1997e(a) to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle,* 534 U.S. 516, 524 (2002). This affords prison officials the time to resolve inmate complaints before they reach a federal court. *Id.* at 525. Thus, a prisoner must notify prison administration of a complaint and allow it to attempt to resolve the issue before the prisoner initiates a suit in Federal court. The PLRA

exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. *Wyatt,* 315 F. 3d at 1112.

Here, Plaintiff did have nonjudicial administrative remedies available to him. Under AR 740, the NNCC's grievance process, a prisoner must proceed through three levels of review; one informal and two formal levels of review. (Doc. #7). If the informal level grievance is denied the prisoner has two levels of appeal. *Id.* Once all three levels of the grievance process have been completed this administrative remedy is considered exhausted. *Id.* But, if a prisoner fails to properly seek the next level of review within 5 days after receipt of a denial, the grievance is considered abandoned. ( Doc. #7 Exh. B section 1.4.1.2). Plaintiff claims that he was never given a copy of AR 740 and for that could not be expected to know about the review process. (Doc. #9 pg. 3). But Defendant points out that Plaintiff verbally received information regarding the grievance process during his orientation and indeed Plaintiff admits to signing a document at orientation which signifies his knowledge of the AR740 procedures. (Doc. #9 & 10).  In addition and prior to the grievance at issue, Plaintiff filed two other informal grievances while incarcerated at NNCC which were resolved. (Doc. #10, pg. 2).  All three informal grievances that Plaintiff filed state directly below the line of Plaintiff's signature, that in the case the NNCC denies the grievance, the prisoner has the right to file a first level grievance for review of the denial. (See Doc. #6, Exh. C & D). Not only did Plaintiff sign his a name upon receipt of the grievance at issue but he also marked the line titled, "inmate disagrees." *Id.*

The court concludes from these facts that Plaintiff did have knowledge of the grievance process but simply failed to appeal his grievance to the next level within the required 5 days. Accordingly, it was considered abandoned and thus dismissed by Defendants under the AR740 rules. (Doc. # 10). Because Plaintiff did not appeal his denied civil rights grievance, he abandoned the claim and thus failed to exhaust his administrative remedies pursuant to § 1997e(a). Plaintiff's claims should be dismissed without prejudice.

///

4

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Court enter an order **GRANTING** Defendants' Motion to Dismiss (Doc. # 7), and dismissing Plaintiff's claims without prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636 (b)(1)(C) and Rule IB3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable court order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Civil Procedure, should not be filed until entry of the District Court's judgment.

DATED:   June 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE